This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GILA REGIONAL MEDICAL CENTER**,

    Plaintiff-Appellee,

v.                     **NO. 31,149**

**CHINONYEREM OSUAGWU, M.D.**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

Sandenaw Law Firm, P.C.
CaraLyn Banks
Las Cruces, NM

for Appellee

Chinonyerem Osuagwu, M.D.
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Chinonyerem Osuagwu, M.D. (Defendant) appeals from the district court's order granting Gila Regional Medical Center's (Plaintiff's) motion for summary judgment. [RP 276] The calendar notice proposed summary reversal. [Ct. App. File, CN1] Defendant has filed a memorandum in support of the proposed disposition, and Plaintiff has filed a memorandum in opposition. [Ct. App. File, MIS, MIO] After due consideration, we remain persuaded that summary judgment is procedurally and substantively premature and inappropriate on the merits of Defendant's affirmative defenses and proposed counterclaims. We reverse and remand for further proceedings.

**DISCUSSION**

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

Plaintiff's complaint asserts that Defendant breached the hiring agreement, because, when Defendant left prematurely, Defendant did not repay Plaintiff for the living expenses stipend that Plaintiff paid Defendant while Defendant started his medical practice at Plaintiff medical center. [RP 1-6] According to the motion for summary judgment, it is undisputed that Plaintiff hired Defendant as an

obstetrician/gynecologist under a hiring contract and that Plaintiff paid Defendant approximately $168,000 in living expense stipend. [RP 158-59] It is also undisputed that Defendant left the practice prematurely, having been unfairly forced out (Defendant) or having "retired" and left the area (Plaintiff). Plaintiff contends it is entitled to summary judgment because Defendant breached the hiring contract by not paying back the living stipend when he "retired" from practice with Plaintiff, while Defendant contends that Plaintiff breached the hiring contract because he was terminated without cause/due process and based upon, among other things, alleged inaccuracies in the charges against him.

The district court notes in the order granting summary judgment that the circumstances of Plaintiff's leaving are at issue. [RP 277, No. 10] The district court also rules on the merits of these disputed circumstances, however, stating that it has viewed Plaintiff's bylaws and finds that Defendant received due process. [RP 277, No. 13] The district court further determines that, as a matter of law, Defendant does not establish the defense of impossibility. [RP 277, No. 15] In the order, the district court also asserts that Defendant admitted (in a transcript of proceedings) that Defendant did not appeal from the proceedings that resulted in his dismissal or termination/retirement. [RP 277, No. 12] Finally, the district court states in the order

3

that summary judgment for Plaintiff has rendered all other motions moot. [RP 278, No. 3]

The record reflects that Defendant's answer to Plaintiff's complaint asserts Plaintiff's breach of the hiring contract as an affirmative defense to Plaintiff's claims that Defendant breached the contract. [RP 26, No. 20] Defendant, who had counsel at that time, also filed a motion to amend the answer to add counterclaims, which included allegations that Plaintiff had breached the hiring contract as well as other claims. [RP 42] Plaintiff responded, objecting to the motion to amend. [RP 52] Defendant replied. [RP 58] While it appears that there was a hearing on the motion to amend on December 20, 2010, the record proper does not reflect that the district court ruled on Defendant's motion to amend his answer to add counterclaims. Rather, Defendant's counsel moved to withdraw, and the district court allowed him to do so. [RP 74] The district court did not rule on Defendant's motion to amend his answer to add counterclaims.

In the memorandum, Plaintiff acknowledges that the district court did not "technically" rule on Defendant's motion to amend to add counterclaims but asserts that the district court "de facto allowed the amendment" and evaluated the merits of Defendant's counterclaims in connection with granting summary judgment. [MIO 2] In fact, Plaintiff acknowledges numerous factual disputes, argues the merits of its own

position, and points out that the district court resolved these disputes in granting summary judgment. [MIO 5-6, 8-9, 9-12, 21] To the extent that Plaintiff considers, throughout the memorandum in opposition, that it is appropriate for the district court to resolve disputed facts as part of summary judgment proceedings when trial is to the bench rather than a jury, we disagree. *See, e.g.*, *Truong v. Allstate Ins. Co.*, 2008-NMCA-051, ¶ 23, 143 N.M. 831, 182 P.3d 814 (discussing that summary judgment is not consistent with the fact finding involved in a bench trial), *rev'd on other grounds*, 2010-NMSC-009, 147 N.M. 583, 227 P.3d 73. When factual disputes exist, the district court is required to hold a trial to the bench or to the jury as the case may be. Again, the summary judgment phase of trial is not appropriate for resolving factual disputes even when trial will be to the bench. At trial, the fact finder, here the district court, weighs the evidence, determines the credibility of the witnesses, and resolves the conflicts in the facts. Unlike following summary judgment, following trial, the district court enters findings and conclusions and final judgment.

Finally, as we mentioned in the calendar notice, while the district court and/or Plaintiff may consider Defendant's failure to appeal from the underlying grievance process to be an absolute defense to all of Defendant's affirmative defenses and counterclaims, it appears that the facts surrounding those proceedings, whether they fully resolved the issues between Plaintiff and Defendant, when they ended, and when

and how they were to be appealed, also have not been established and remain in dispute.

Under the circumstances of this case, we hold that, as a procedural matter, the district court has prematurely and inappropriately granted summary judgment to Plaintiff on its breach of contract/money due claims; that is, prior to ruling on Defendant's motion to amend his answer to add counterclaims. In addition, we hold that, as a substantive matter, the district court has prematurely and inappropriately ruled on the merits of Defendant's affirmative defenses and/or proposed counterclaims, prior to ruling on Defendant's motion to amend his answer to add counterclaims under circumstances where Plaintiff has not set forth or established the facts and legal doctrines applicable to the affirmative defenses and proposed counterclaims, and the facts and the applicable legal doctrines are very much in dispute.

**CONCLUSION**

We reverse the district court's order granting Plaintiff summary judgment and remand for a ruling on Defendant's motion to amend and for trial on the merits.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

6

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**